Chief Justice Robertson
delivered the Opinion of the Court.
Upon an appeal from a judgment rendered in favor of the administrator of Jacob Cartmel, deceased, against" James Nelson, on a promissory note, dated the 30th-of _ , . , 7 , June, 1819, and payable on demand — the jury m the Oírcuit Court, without any proof of any other demand than that made by the service ox the wai’rant, found a verdict against Nelson, for the amount of the note (‡42 82) *8 and also, for legal interest from the 30th of June, 1819, until payment should be made ; and the Court rendered judgment accordingly.
A son-in-law is not exonerated of a debt due the father in law, by a manifestation of intention, on the part of the latter, during his last illness, to cancel the debt— the intention not being executed, and the circumstances not amounting to a donatio causa mortis.
As interest could not have accrued until after a demand, the judgment for interest is clearly erroneous. And even if, as suggested in argument by the counsel for the administrator, the interest was remitted on the record, at a term subsequent to that at which the judgment was rendered, such a remittitur, had it appeared on the record now before us, should be entitled to no judicial consideration or legal effect; because, when it was entered, the Circuit Court had no jurisdiction over the case, and the judgment, not only was not changed, but could not have been — the error being in the verdict and judgment, which were not amendable at a subsequent term.
But there is no other error iii the record. Nelson was not, as he seems to have insisted, entitled to exoneration from the debt, merely because the obligee, who was his father-in-law, had, during his last illness, manifested an intention to cancel the bond, and mate him a present of the amount. Such unexecuted intention did not, of itself, discharge the obligation ; nor was it accompanied by such acts and circumstances as to have made it a donatio causa mortis. There was nothing legatory in all that was proved.
Wherefore, for the error in adjudging interest, the judgment of the Circuit Courtis reversed, and the cause remanded.